**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IN RE WENTWORTH CIVIL RIGHTS
CASES,

No. 21-cv-00757-BAS-AGS

**ORDER:**

    **(1) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2);**

    **(2) DISMISSING COMPLAINT UNDER RULE 8 AND FOR FAILURE TO STATE A CLAIM; AND**

    **(3) DISMISSING MEMBER LAWSUITS**

On April 16, 2021, Ms. Dawn Wentworth, on her own behalf and on behalf of her two children, Yaw Appiah and Journee Hudson, filed 74 civil rights complaints in this federal district court. Many of these complaints are duplicative, suing the same defendants with the same allegations. The Court issued an order consolidating most of the cases. (Electronic Case Filing ("ECF") No. 5.) The Court also issued an order setting a hearing to discuss Ms. Wentworth's many lawsuits. (ECF No. 8.) Ms. Wentworth did not appear at the hearing. (ECF No. 10.)

21cv0757

1    For the following reasons, the Court grants Ms. Wentworth's Motion to Proceed *In*
2  *Forma Pauperis*, dismisses Plaintiffs' Complaint because it does not state a claim, and
3  dismisses the duplicative lawsuits.

**I.    Motion to Proceed *In Forma Pauperis***

5    Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the
6  required fees or security to commence a legal action may petition the court to proceed
7  without making such payment.  The determination of indigency falls within the district
8  court's discretion.  *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991)
9  (holding that "Section 1915 typically requires the reviewing court to exercise its sound
10 discretion in determining whether the affiant has satisfied the statute's requirement of
11 indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993).  It is well-settled that a party
12 need not be completely destitute to proceed *in forma pauperis* ("IFP")—without paying
13 the filing fee.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).
14 To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient
15 which states that one cannot because of his poverty pay or give security for costs . . . and
16 still be able to provide himself and dependents with the necessities of life." *Id.* at 339.  At
17 the same time, however, "the same even-handed care must be employed to assure that
18 federal funds are not squandered to underwrite, at public expense . . . the remonstrances
19 of a suitor who is financially able, in whole or in material part, to pull his own oar."
20 *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

21    Having read and considered Ms. Wentworth's application, the Court finds that she
22 meets the requirements in 28 U.S.C. § 1915 for IFP status.  Ms. Wentworth says she and
23 her two dependent children—the other Plaintiffs—are homeless, and she provides only a
24 P.O. Box address.  (IFP Motion ¶¶ 8, 11, ECF No. 2.)  She lists no employment income or
25 financial assets.  (*Id.* ¶ 4.)  Under these circumstances, the Court finds that requiring Ms.
26 Wentworth to pay the court filing fees would impair her ability to obtain the necessities of
27 life.  *See Adkins*, 335 U.S. at 339.  And although the other two Plaintiffs do not file
28 individualized applications to proceed IFP, the Court construes Ms. Wentworth's

21cv0757

application as being filed on behalf of all Plaintiffs because she notes they are reliant on her for support. *See Anderson v. California*, No. 10 CV 2216 MMA AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) (noting "although only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status").

Therefore, the Court **GRANTS** Ms. Wentworth's request to proceed without paying the filing fee (ECF No. 2).

## II.    Screening of Complaint

### A.    Rule 8

Federal Rule of Civil Procedure 8(a) requires that a complaint include a short and plain statement of the basis for the court's jurisdiction, a short and plain statement of the legal claims being asserted, and a demand for judgment for the relief sought. Rule 8(d)(1) requires each allegation to be "simple, concise, and direct." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). This rule "applies to good claims as well as bad," and it is a reason for dismissing a complaint that is independent of Rule 12(b)(6). *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

### B.    Failure to State a Claim

A complaint filed by a plaintiff proceeding IFP is subject to screening under 28 U.S.C. § 1915(e)(2). *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). This provision requires the court to review the complaint and dismiss the action if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

To determine whether the action must be dismissed under the second ground—a failure to state a claim—the court applies "the familiar standard of Federal Rule of Civil Procedure 12(b)(6)." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

- 3 -

21cv0757

claim to relief that is plausible on its face.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  The "mere possibility of misconduct" falls short of meeting this plausibility standard.  *Id.*

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.  Further, the court has an obligation where the plaintiff "is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  The court, however, "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Moreover, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." *Id.*

If a *pro se* complaint fails to meet this standard, the court should not dismiss the action "without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati*, 791 F.3d at 1039 (quoting *Akhtar*, 698 F.3d at 1212).

## C.   Plaintiffs' Allegations

Plaintiffs sue forty-four Defendants, including Vista Unified School District, the California State Board of Education, the U.S. Department of Education, and various individuals.  (Compl. 2–12.)  Their Complaint is on a form that includes a "Statement of Claim" section for writing "a short and plain statement of [each] claim." (*Id.* 14.)  Under this section, Plaintiffs list the Civil Rights Act of 1964, California's Unruh Civil Rights Act, "racial discrimination/intimidation/harassment/provocation," fraud, concealment, and negligence.  (*Id.*)  They do not include the suggested statement of "how each defendant

21cv0757

was involved and what each defendant did that caused the plaintiff[s] harm or violated the plaintiff[s'] rights." (*Id.*)   Plaintiffs seek $1,000,000 in damages per Plaintiff, the revocation of Defendants' "licenses/credentialing," and other relief.   (*Id.*)   Finally, Plaintiffs attach sixty-four pages of various school documents, police complaints, administrative complaints, and other items.   (ECF No. 1-2.)

### D.   Analysis

Having reviewed Plaintiffs' Complaint, it does not comply with Rule 8 and does not state any claim upon which relief may be granted.   Even when the Complaint is liberally construed, Plaintiffs do not provide a simple, concise narrative that sets forth the injuries attributed to the forty-four Defendants that they sue.   Plaintiffs list several laws or theories of recovery for their "Statement of Claim," but that is not enough.   (Compl. 14.)   And although Plaintiffs attach sixty-four pages of exhibits to their Complaint, the Court needs a simple statement of their claims to begin to analyze whether any claims can proceed. Therefore, the Court dismisses Plaintiffs' Complaint with leave to amend under Rule 8 and U.S.C. § 1915(e)(2)(ii).   *See, e.g., Reed v. Newsom*, No. 3:20-CV-2439-AJB-MDD, 2021 WL 2633634, at *3 (S.D. Cal. June 25, 2021) (dismissing complaint under Rule 8 where the plaintiff did not link individual defendants to his claims); *Perryman v. Warden*, No. 2:21-cv00421-JDP (PC), 2021 WL 1210461, at *1 (E.D. Cal. Mar. 31, 2021) (dismissing complaint under Rule 8 where plaintiff identified doe defendants but did not "specifically allege[] how either was involved" in violations of his rights).

## III.   Consolidated Actions

Aside from this main case, the Court consolidated 66 of Ms. Wentworth's or her children's other cases.   (ECF No. 5.)   Since then, Ms. Wentworth and Journee Hudson filed one additional case, *Hudson v. Peppard*, No. 21-cv-01122-BAS-AGS.   The Court will consolidate this case with the main case for the same reasons expressed before.   (*See* ECF No. 5.)   In all of these 67 consolidated cases, Ms. Wentworth, one of her children, or both of her children filed a Motion to Proceed IFP.   The Court grants these motions for the same reasons explained above.

Because Plaintiffs are not paying the filing fee, their 67 other Complaints are subject to the same screening under 28 U.S.C. § 1915(e)(2).  The Court will dismiss these cases for two reasons.  First, the Complaints lack the information required by Rule 8 and do not state a claim.  Second, because the Complaints are duplicative of this main case or are otherwise frivolous, they are appropriately dismissed under 28 U.S.C. § 1915(e)(2)(i). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting it is not an abuse of discretion to dismiss "a complaint 'that merely repeats pending or previously litigated claims'").

To illustrate, in Case No. 21-cv-00681, Ms. Wentworth and Journee Hudson sue "UZI" under the Civil Rights Act of 1964 and California's Unruh Civil Rights Act. (Compl., No. 21-cv-00681, ECF No. 1.)  No information is provided as to who or what UZI is, but UZI has the same address as some of the school defendants sued in the main case. (*See id.*)  Further, there is no short, plain statement of the claims against UZI. (*Id.*) And Plaintiffs can pursue any potential claims against UZI in the main case—where they seek to sue school personnel and others—as part of an amended complaint.

As another example, in Case No. 21-cv-00727, Plaintiffs sue Cheng Westerlund, who is apparently a Vista Unified School District employee, again under the Civil Rights Act of 1964 and California's Unruh Civil Rights Act.  (Compl., No. 21-cv-00727, ECF No. 1.)  There is no short, plain statement of the claims against Westerlund. (*Id.*)  And Plaintiffs can likewise pursue any potential claims against Westerlund in the main case as part of an amended complaint.

The Court applies the same reasoning to the remaining cases.  Therefore, the Court will dismiss these cases without prejudice under Rule 8 and 28 U.S.C. § 1915(e)(2)(i)–(ii).

## IV.   CONCLUSION

For the reasons above, the Court grants Plaintiffs' Motion to Proceed IFP (ECF No. 2).  The Court also dismisses Plaintiffs' Complaint in this main case without prejudice.  To proceed with their case, Plaintiffs must file an amended complaint by **August 27, 2021**.  If Plaintiffs file an amended complaint, it will supersede the current complaint.  *Lacey v.*

21cv0757

*Maricopa Cty*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint must be complete on its own—without reference to the prior pleading. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, Plaintiffs must assert each claim and allege each Defendant's involvement in sufficient detail to allow the Court to determine whether the case can proceed.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number: No. 21-cv-00757-BAS-AGS.  If Plaintiffs do not file an amended complaint, the Clerk of Court is directed to close this action without further order.

Further, the Court directs the Clerk of Court to grant the Motions to Proceed IFP identified in Attachment 1.  Next, the Clerk shall consolidate Case No. 21-cv-01122-BAS-AGS, *Hudson v. Peppard*, with the main case and place a Do Not File ("DNF") tag on Case No. 21-cv-01122.  Finally, the Clerk shall also dismiss without prejudice and close all the cases in Attachment 1.

**IT IS SO ORDERED.**

**DATED: August 6, 2021**

Hon. Cynthia Bashant
United States District Judge

21cv0757

**ATTACHMENT 1**

| Case | Title | IFP Motion ECF No. | Dismissal Basis |
|---|---|---|---|
| 3:21-cv-00681-BAS-AGS | *Hudson v. UZI* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00682-BAS-AGS | *Hudson v. Vista Unified School District Board of Trustees* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00683-BAS-AGS | *Hudson v. Oceanside Police Department* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00684-BAS-AGS | *Wentworth v. Oceanside Police Department* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00685-BAS-AGS | *Wentworth v. Norris* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00686-BAS-AGS | *Appiah v. Larsen* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00688-BAS-AGS | *Appiah v. Armenta* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00689-BAS-AGS | *Appiah v. Kriedeman* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00690-BAS-AGS | *Appiah v. Walsh* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00691-BAS-AGS | *Wentworth v. Clark* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00692-BAS-AGS | *Wentworth v. Brown* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |

1

| Case | Title | IFP Motion ECF No. | Dismissal Basis |
|------|-------|--------------------|-----------------|
| 3:21-cv-00693-BAS-AGS | *Hudson v. Clark* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00694-BAS-AGS | *Wentworth v. Mission Vista Proxy* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00695-BAS-AGS | *Wentworth v. 9th District PTA* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00696-BAS-AGS | *Hudson v. Allard* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00698-BAS-AGS | *Hudson v. Mission Vista Proxy* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00700-BAS-AGS | *Hudson v. School Counselor* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00701-BAS-AGS | *Wentworth v. San Diego Sheriff's Department* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00703-BAS-AGS | *Wentworth v. San Diego County Sheriff's Department* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00705-BAS-AGS | *Wentworth v. Vista Unified School District* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00706-BAS-AGS | *Hudson v. Vista Unified School District Counselor* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00707-BAS-AGS | *Hudson v. Vista Unified School District* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |

| Case | Title | IFP Motion ECF No. | Dismissal Basis |
|---|---|---|---|
| 3:21-cv-00708-BAS-AGS | *Wentworth v. Parco* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00709-BAS-AGS | *Hudson v. Shackelford* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00710-BAS-AGS | *Hudson v. Allard* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00711-BAS-AGS | *Hudson v. Groundskeeper/Security* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00712-BAS-AGS | *Hudson v. UZI* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00713-BAS-AGS | *Hudson v. New English Teacher* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00714-BAS-AGS | *Appiah v. Shackelford* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00715-BAS-AGS | *Hudson v. New English Teacher* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00716-BAS-AGS | *Appiah v. Borger* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00717-BAS-AGS | *Hudson v. Peppard 1* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00718-BAS-AGS | *Appiah v. Vista Unified School District Board of Trustees* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |

| Case | Title | IFP Motion ECF No. | Dismissal Basis |
|------|-------|--------------------|-----------------|
| 3:21-cv-00719-BAS-AGS | *Hudson v. Ho* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00720-BAS-AGS | *Hudson v. Buck* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00721-BAS-AGS | *Hudson v. Ho* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00722-BAS-AGS | *Appiah v. Dambroso* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00723-BAS-AGS | *Hudson v. Buck* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00724-BAS-AGS | *Appiah v. Martin* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00725-BAS-AGS | *Appiah v. Domenici* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00726-BAS-AGS | *Hudson v. Gulley* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00727-BAS-AGS | *Appiah v. Westerlund* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00728-BAS-AGS | *Hudson v. Zeroski* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00729-BAS-AGS | *Hudson v. Gulley* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |

| Case | Title | IFP Motion ECF No. | Dismissal Basis |
|---|---|---|---|
| 3:21-cv-00731-BAS-AGS | *Appiah v. Chagala* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00732-BAS-AGS | *Hudson v. Wiblemo* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00733-BAS-AGS | *Hudson v. McIntosh* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00734-BAS-AGS | *Hudson v. Dambroso* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00736-BAS-AGS | *Hudson v. Wiblemo* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00738-BAS-AGS | *Hudson v. Walsh* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00739-BAS-AGS | *Hudson v. California Department of Education* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00740-BAS-AGS | *Appiah v. Strohauer* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00741-BAS-AGS | *Hudson v. Peppard* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00742-BAS-AGS | *Hudson v. Doyle* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00743-BAS-AGS | *Hudson v. Westerlund* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |

| Case | Title | IFP Motion ECF No. | Dismissal Basis |
|---|---|---|---|
| 3:21-cv-00744-BAS-AGS | *Appiah v. KKK Ku Klux Klan* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00745-BAS-AGS | *Hudson v. McIntosh* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00746-BAS-AGS | *Hudson v. Wetmore* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00747-BAS-AGS | *Appiah v. Neighbor* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00748-BAS-AGS | *Hudson v. Kenney* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00749-BAS-AGS | *Hudson v. Kenney* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00750-BAS-AGS | *Hudson v. U.S. Department of Education* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00751-BAS-AGS | *Hudson v. Zeroski* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00752-BAS-AGS | *Hudson v. Wetmore* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00753-BAS-AGS | *Hudson v. Mission Vista High School* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |
| 3:21-cv-00754-BAS-AGS | *Hudson v. Peppard* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |

| Case | Title | IFP Motion ECF No. | Dismissal Basis |
|---|---|---|---|
| 3:21-cv-01122-BAS-AGS | *Hudson v. Peppard* | 2 | Rule 8; 28 U.S.C. § 1915(e)(2)(i)-(ii) |